In re Estate of John Noble.

## IN RE ESTATE OF JOHN NOBLE.

*Practice—Depositions—Statute to be Strictly Pursued—Waiver—Witnesses to Wills—Competency of.*

1. While the statute authorizing the taking of depositions must be strictly pursued, in reviewing the action of a trial court in admitting a deposition alleged to have been irregular, this court will not reverse unless such action clearly appears to have been erroneous.

2. Under the circumstances of the case presented, this court holds that it was incumbent on the appellant to make his motion to suppress before the depositions were opened upon his motion.

3. The term "credible witnesses," as used in the statute in speaking of witnesses to wills, means competent witnesses.

4. In the case presented, an instruction. touching a witness who had pleaded guilty of the crime of forgery, in which the words "incompetent" and "incredible" are used as synonymous terms, is held to be correct.

### [Opinion filed May 18, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. H. O. McDAID and W. S. Cox, for appellant.

Messrs. HUTCHINSON & LUFF and J. N. JEWETT, for proponents.

*Per Curiam.* This is an appeal from an order of the Circuit Court of Cook County, admitting the will of John Noble, deceased, to probate and record. The first error assigned is the refusal of the court to suppress the depositions of the subscribing witnesses to the will, which were taken before a notary public, for the reason as alleged that said depositions were not properly inclosed as required by law, when they were delivered by the commissioner to the clerk of the court. It is contended by appellant that the said depositions were merely wrapped in legal cap and sealed, and that the ends of the roll or package was not covered or inclosed. It is not claimed that the depositions were in any manner tampered with or altered, and it appears that appellant's counsel made a motion in court to have the depositions opened, and that in his presence and in the presence of the court the said depositions were opened by the clerk, by slitting or cutting the wrapper that was around them. It was not till after the depositions had been so opened upon appellant's motion, that the motion to suppress them, because not properly inclosed, was made.

The motion to suppress was heard on affidavits, and there is a direct conflict between the affiants as to the manner in which the depositions were wrapped, and it is difficult to determine,

from all the evidence, whether the depositions were entirely inclosed and covered, ends and all, at the time they came to the clerk's hands.

Under the circumstances of this case, and the claim that appellant now makes as to the condition in which the depositions were, we think it was incumbent on appellant to have made his motion to suppress before he had the depositions opened. From their condition, if brought to the notice of the court before they were opened, the question as to whether they were properly inclosed could be better determined, and it is clear from the nature of the alleged defect in the covering that it must have been visible to counsel before the motion to open them was made. There is in the course pursued by counsel for appellant in moving to open the depositions, an element of waiver of defects, in the manner in which they were inclosed, which were then visible to him. While the statute authorizing the taking of depositions must be strictly pursued, and the court will not readily overlook any disregard of its explicit requirements, or failure to comply with its directions, yet in reviewing the action of a trial court, as to such a question as is here presented, we can not reverse unless we are fully convinced that the action of the trial court was erroneous. In view of all the facts and circumstances as they appear to us from the record in this case, we are unable to say that the Circuit Court erred in overruling appellant's motion to suppress the depositions.

Complaint is made that the court invaded the province of the jury in telling them in an instruction that the mere fact alone that a witness was "at the time of his examination as a witness in this case, under indictment, and had pleaded guilty to the crime of forgery, did not render him incompetent or incredible as a witness to the execution of the writing introduced in evidence as the last will and testament of John Noble."

The term "credible witnesses," as used in the statute in speaking of witnesses to wills, means competent witnesses, and in the instructions given the court used the words "incompetent" and "incredible," as synonymous terms, as we understand, and in that sense the instruction was entirely correct.

It may be that the instruction could be understood as referring to the credibility of the witness in the sense of truthfulness or veracity, if there was no other instruction on that point; but in view of the fact that the jury were told repeatedly, in the instructions given for the appellant, that they were the judges of the credibility of the witnesses, and that they were entitled to judge of such credibility from all the evidence in the case, we think it quite impossible that the use of the word "incredible," as it was sued in the instruction complained of, could have misled the jury in any way. Other errors assigned it is unnecessary to discuss. It is sufficient to say that, on a careful consideration of the whole record, we find no error which would authorize a reversal of the case, and the judgment of the Circuit Court must therefore be affirmed.

*Judgment affirmed.*